**UNITED STATES of America,**
Plaintiff,

v.

**ONE (1) CARTON CONTAINING: 35MM MOTION PICTURE FILM ENTITLED "VENUS IN FURS", 8117 feet, English Soundtrack.**

**No. 69 Civ. 3541.**

United States District Court,
S. D. New York.

Feb. 10, 1970.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for plaintiff; H. Thomas Coghill, David L. Katsky, Asst. U. S. Attys., of counsel.

Abraham & Koenig, New York City, for claimant; Jacob W. Abraham, Sidney Koenig, New York City, of counsel.

## OPINION

LASKER, District Judge.

Acting pursuant to Section 305 of the Tariff Act,[1] the United States Customs Office has seized a foreign-made film entitled "Venus in Furs." Now the claimant of this film moves for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure, on the grounds that (1) contrary to the Customs Office's determination, the film is *not* obscene; (2) Section 305 is unconstitutional on its face; (3) if not unconstitutional on its face, then Section 305 was applied in an unconstitutional manner.

---

[1]. 19 U.S.C. § 1305 reads, in pertinent part:

"§ 1305. Immoral articles; prohibition of importation

"(a) All persons are prohibited from importing into the United States * * * any obscene book, * * * print, picture, drawing, or other representation, * * * or other article which is obscene or immoral, * * *.

No such articles * * * shall be admitted to entry; and all such articles * * * shall be subject to seizure and forfeiture as hereinafter provided * * *.

"Upon the appearance of any such book or matter at any customs office, the same shall be seized and held by the collector to await the judgment of the district court * * *."

The motion for summary judgment is denied.

As the first basis for its motion, claimant contends that this film does not meet the stringent requirements for the establishment of obscenity as set forth in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed. 2d 1 (1966). There the Supreme Court stated that for a book to be held obscene [2]

> "three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

Claimant maintains that whether something is obscene is a constitutional determination that ultimately must be made by the court, and that if the court finds that any one of the three above stated elements of obscenity is lacking, then it must rule that the material seized is not obscene. Claimant then urges that *as a matter of law* this film is not obscene because it lacks each of the three elements of obscenity.

There is no doubt that in an obscenity case the judgment to be rendered is peculiarly constitutional in nature. As Mr. Justice Brennan stated in Jacobellis v. Ohio, 378 U.S. 184, 188, 190, 84 S.Ct. 1676, 1678–1679, 12 L.Ed.2d 793 (1964):

> " * * * the question whether a particular work is obscene necessarily implicates an issue of constitutional law. See Roth v. United States, *supra*, 354 U.S., at 497–498, 77 S.Ct. at 1315–1316, [1 L.Ed.2d 1498] (separate

opinion). Such an issue, we think, must ultimately be decided by this Court.

> \* \* \* \* \* \*
> " * * * [I]n 'obscenity' cases as in all others involving rights derived from the First Amendment guarantees of free expression, this Court cannot avoid making an independent constitutional judgment on the facts of the case as to whether the material involved is constitutionally protected."

It is also true that if, on a motion for summary judgment, the court finds that any of the requisite elements of obscenity is missing, the court may and should grant summary judgment for the claimant. United States v. A Motion Picture Film Entitled "Pattern of Evil," 304 F.Supp. 197, 201 (S.D.N.Y. 1967), Pollack, J.

However, in urging that this film is not obscene as a matter of law, claimant overlooks what is at this juncture a most significant point, viz., that the determination of obscenity is, at least in the first instance, a finding of fact which must be reached in the traditional manner. Evidence must still be examined and testimony evaluated before it is determined that a film is or is not obscene. To be sure, the decision of the Court of Appeals for this Circuit in United States v. A Motion Picture Film Entitled "I am Curious—Yellow," 404 F.2d 196 (2d Cir. 1968), establishes that this fact-finding may be reversed on appeal. But that decision neither requires nor allows a court faced with a motion for summary judgment to disregard the usual standard for disposing of such a motion, viz., to determine whether a factual issue exists and, if so, to deny the motion. United States v. A Motion Picture Film Entitled "I am Curious—Yellow," 285 F.Supp. 465, 476 (S.D.N.Y.1968), rev'd on other grounds,

---

**2.** The definition of obscenity insofar as movies are concerned is no different than that for books. United States v. A Motion Picture Film Entitled "I am Curious—Yellow", 404 F.2d 196 (2d Cir. 1968).

404 F.2d 196 (2d Cir. 1968). Here, there is a genuine issue of material fact. Although I have viewed the film, read the affidavits submitted by claimant (which, predictably, claim the film possesses redeeming social value and does not appeal to a prurient interest in sex), and listened to the arguments of counsel, I am unable to conclude that it is beyond question that the film is not obscene.

In the end, of course, both the "factual" determinations of the jury or trial judge and the "constitutional" determination of the appellate court would seem to be nothing more than expressions of opinion, for anyone seeking to apply the controlling principles of law here "would find himself in utter bewilderment." Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968), Interstate Circuit, Inc. v. City of Dallas, 390 U.S. 676, 707, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968), opinion of Mr. Justice Harlan, concurring in *Ginsberg* and dissenting in *Interstate*. While it may well be that a subjective judgment of non-obscenity on my part would be concurred in by a jury or sustained by an appellate court, I find that it would be inappropriate to grant summary judgment for claimant here, when I am not convinced that the elements of obscenity, or any one of them, are missing, when claimant's expert witnesses have submitted largely conclusory affidavits without being subject to cross-examination,[3] and when I have not received the benefit of the opinions of other members of the community.

As to claimant's second contention that Section 305 is unconstitutional on its face, that argument has been repeatedly rejected in this Circuit, at least on the grounds asserted by claimant. United States v. One Carton Positive Motion Picture Film Entitled "491", 367 F.2d 889 (2d Cir. 1966); United States v. A Motion Picture Film Entitled "Pattern of Evil," supra.[4] Accordingly, claimant's motion for summary judgment on the ground that the forfeiture provision in Section 305 is unconstitutional must be denied.

■ Although Section 305 has not yet been declared unconstitutional, if the government engages in excessive delay in reaching an administrative determination that imported materials should be seized for being obscene, such delay can invalidate the ensuing forfeiture proceeding. United States v. One Book Entitled "The Adventures of Father Silas," 249 F.Supp. 911 (S.D.N.Y.1966),

---

3. Cf. 6 Moore's Federal Practice, ¶ 56.15 [4].

4. The still-developing law of obscenity has recently witnessed new attacks on Section 305. Whereas claimant here objects to that provision's failure to provide an adversary hearing prior to seizure, to the absence of specified time periods to complete administrative consideration of the seized material, and to the alleged vagueness of its language—all of which claims have been rejected in the decisions cited in the text, supra—claimants elsewhere have succeeded in invalidating the statute on the basis of the Supreme Court's decision last year in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). The *Stanley* case struck down state statutes which make the private possession of obscene materials a crime. The argument based on *Stanley* is that if it is legal to possess obscene materials, it cannot be illegal to import them, if the items are intended for private use, Section 305 notwithstanding. It was this reasoning, apparently, which led the three-judge Court in United States v. 37 Photographs, 309 F.Supp. 36 (C.D.Calif., 1970), to declare Section 305 unconstitutional. Cf. also Karalexis v. Byrne, 306 F.Supp. 1363 (D.Mass., 1969). A three-judge Court in this district is presently considering this very claim in a case entitled United States v. Various Articles of Obscene Merchandise, etc. Although it is conceivable that the Court could strike down the statute altogether for being over-broad in that it encompasses even materials intended for private use, claimant here has not pressed this point. It should be noted that claimant does intend to distribute this movie for public viewing.

Frankel, J.  Relying on this principle, claimant maintains that the government took too long to make up its mind here, and that, consequently, the film should be released.  The government denies that the delay was excessive and argues, in turn, that whatever delay did take place was solely and directly attributable to claimant's indecision.  It is not necessary to review the facts surrounding the delay, for I find that, while the chronology of those events is not in dispute, the parties do disagree as to who is responsible.  Their disagreement raises a factual issue which precludes the grant of summary judgment here.

The motion for summary judgment is denied.

It is so ordered.